NOT FOR PUBLICATION

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EILEEN MANNING, | ) <br> ) |
| Plaintiff, | )    No. 20-cv-1446C <br> ) |
| v. | )    Filed: August 6, 2021 <br> ) |
| THE UNITED STATES, | ) <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Eileen Manning filed this action against the United States seeking an order compelling Defendant to authorize her to receive social security spousal benefits, or directing payment of those benefits, that she claims are owed. She alleges she was wrongly denied benefits due to an erroneous application of the Government Pension Offset ("GPO"), a law that reduces a surviving spouse's social security entitlement by a percentage of the applicant's pension. Plaintiff contends she is exempt from the GPO because she would have been eligible for early retirement under the Voluntary Early Retirement Authority ("VERA"), P.L. 93-39, 87 Stat. 33 (1973) (codified at 5 U.S.C. § 8336), in effect in June 1979.

Before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss and Opposition to Summary Judgment. For the reasons discussed below, Plaintiff's Complaint fails to state a claim subject to the limited jurisdiction of the Court. Accordingly, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED AS MOOT**.

### I. BACKGROUND

After working for the U.S. Social Security Administration ("SSA") for 40 years, Plaintiff

retired under the Civil Service Retirement System ("CSRS") in December 1993 and receives a pension based solely on her earnings. Pl.'s Compl. ¶ 4, ECF No. 1. On July 6, 1998, upon reaching the requisite age, Plaintiff applied for social security spousal benefits. *Id.* Plaintiff maintains that SSA informed her that her benefits were subject to the GPO, thereby reducing her eligibility for benefits to $0. *Id.* Plaintiff alleges that she subsequently discovered she was exempt from the GPO because she would have been eligible for early retirement under VERA. *Id.* ¶¶ 5–6. She claims that for 17 years SSA and the Office of Personnel Management ("OPM") refused to provide her with documentation proving her early retirement eligibility, which is necessary to demonstrate her right to the GPO exemption. *Id.* ¶¶ 5, 7. Plaintiff further claims that Congress amended VERA in May 1998 to include retroactive rules and restrictions that denied her right to benefit from the GPO exemption. *Id.* ¶ 9 (citing 1998 Suppl. Appropriations and Rescissions Act, P.L. 105-174, 112 Stat. 58, 91 (1998)).

In April 2004, in response to Plaintiff's requests, she received a letter from SSA determining that she would have been ineligible to retire under VERA in 1979 and a letter from OPM that she alleges refused to acknowledge her eligibility for VERA retirement. *Id.* ¶ 7. More than a decade later, in December 2015, Plaintiff filed a claim with OPM. *Id.* ¶ 11. OPM provided Plaintiff with an initial decision in January 2016 and a final decision in February 2017 also determining that she would have been ineligible for early retirement under VERA. *See id.*; Def.'s Mot. to Dismiss & Opp'n to Summ. J. at 1, ECF No. 16.

Plaintiff appealed OPM's decision to the Merit Systems Protection Board (the "MSPB" or the "Board"). ECF No. 1 ¶¶ 3, 12. On July 31, 2017, a MSPB administrative judge reversed OPM's decision and found Plaintiff would have been eligible for VERA retirement. *See id.* ¶ 3; *see* ECF No. 16 at 2. OPM appealed this decision to the Board on September 1, 2017, arguing that

the Board lacked jurisdiction over Plaintiff's claim because the appeal pertains to Plaintiff's entitlement to social security benefits rather than an administrative action reviewable by the MSPB. *See id.* OPM's petition remains undecided because the MSPB currently lacks the necessary quorum to issue decisions on petitions for review. ECF No. 1 ¶ 3.

Plaintiff initiated the instant action on October 19, 2020, "founded on the defendant's implementation of provisions from [the] amendment to [VERA]." *Id.* ¶ 1. The Complaint seeks an order from this Court either (1) compelling Defendant to provide documentation stating she is exempt from the GPO and authorized to receive payment of social security spousal benefits retroactively, beginning in July 1998, and going forward, or (2) providing a monetary award in the amount of the benefits owed ($160,000 as of October 2020), plus cost of living adjustments and interest. *Id.* ¶¶ 17–19.

On November 23, 2020, Plaintiff moved for summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), based on what she argues are indisputable facts entitling her to judgment as a matter of law. *See* Pl.'s Mot. for Summ. J., ECF No. 8. On January 20, 2021, Defendant opposed and concurrently moved to dismiss Plaintiff's Complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). *See* ECF No. 16. Plaintiff responded to Defendant's motion on January 26, 2021. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 17. Defendant elected not to file a reply.

## II.  DISCUSSION

### A.  Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Derived from the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

**B.    Standard of Review**

    1.    <u>RCFC 12(b)(1)</u>

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

When a plaintiff files a complaint as a *pro se* litigant, the Court construes the allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this leniency, a *pro se* litigant must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (Fed. Cir.

1983); *see also Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  Regardless of *pro se* status, a plaintiff always bears the burden of establishing subject matter jurisdiction.  *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

    2.    <u>RCFC 56</u>

Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RCFC 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue is one that "may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A material fact is one that could affect the outcome of the suit.  *Id.* at 248.

When considering summary judgment, the Court construes factual inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).  The moving party bears the burden of proving the absence of a genuine issue of material fact, *Anderson*, 477 U.S. at 256, and may do so by demonstrating "that there is an absence of evidence to support the nonmoving party's case," *Celotex*, 477 U.S. at 325.  A non-moving party may survive a properly pleaded motion for summary judgment by presenting affirmative evidence establishing some genuine issue of fact.  *Anderson*, 477 U.S. at 257.

**C.**    **Defendant's Motion to Dismiss is Granted.**

Defendant contends that the true nature of Plaintiff's claim is one for social security benefits, and, if not, then it seeks judicial review of an OPM decision that is currently being appealed to the MSPB. ECF No. 16 at 6–7.  Either way, Defendant contends that this Court lacks jurisdiction.  *Id.*  Plaintiff argues, on the other hand, that her claim is founded on her eligibility in 1979 for early retirement and that Defendant's determination to the contrary was unlawful because

of Defendant's implementation of unauthorized laws and efforts to deny her a GPO exemption. ECF No. 17 at 2–3, *see* ECF No. 1 ¶¶ 1, 15.  Regardless of how Plaintiff's claim is characterized, the Court lacks jurisdiction.  Neither a social security claim nor a claim based on the administrative actions alleged in the Complaint constitute a basis for jurisdiction in this Court under the Tucker Act.

       1.      <u>The Court Lacks Jurisdiction Over Social Security Claims.</u>

Contrary to Plaintiff's characterization (ECF No. 17 at 3), the essence her Complaint concerns her alleged entitlement to social security spousal benefits in the amount of at least $160,000, plus cost of living adjustments and interest.  ECF No. 1 ¶ 16.  Indeed, the ultimate relief sought in Plaintiff's Complaint is an order which will in effect authorize or direct payment of the benefits she was denied.  *Id.* ¶¶ 16–19.

The Court, however, does not have jurisdiction under the Tucker Act to review claims for social security benefits.  *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).  Rather, the social security statute provides that applicants challenging decisions of the Commissioner of Social Security regarding entitlement to benefits must first pursue their claims administratively. 42 U.S.C. § 405(b).  Judicial review of the Commissioner's final decisions lies exclusively within the jurisdiction of the federal district courts.  *Id.* § 405(g) (civil actions seeking review of social security benefit decisions "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides").  Other courts have held that such jurisdiction includes a claim, once administratively exhausted, that the SSA improperly applied the GPO to eliminate an applicant's benefits.  *See, e.g.*, *Parker v. Colvin*, 640 F. App'x 726, 727 (10th Cir. 2016); *Perretta v. Colvin*, No. 14-2506, 2015 WL 1808509, at *1 (D.N.J. Apr. 21, 2015).

2. The Court Lacks Jurisdiction Over Plaintiff's Challenge to Defendant's Implementation of VERA.

Even if Plaintiff's claim is construed not as a challenge to the denial of social security spousal benefits but rather as a challenge to agency actions implementing VERA, the Court lacks jurisdiction. As Defendant notes, Congress delegated to OPM the authority to administer the CSRS and to determine benefits under the CSRS. 5 U.S.C. § 8347(a) (authorizing OPM to administer the CSRS), *id.* § 8347(b) (authorizing OPM to adjudicate all claims under the CSRS); *see Sherman v. United States*, 139 Fed. Cl. 640, 650 (2018); *see also Agee v. United States*, 77 Fed. Cl. 84, 92 (2007). It further provided for the administrative appeal of such determinations to the MSPB, which broadly has jurisdiction to hear an appeal or claim involving, *inter alia*, a determination affecting the rights or interests of an individual under the CSRS.[1] 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 1201.3(a)(2). The authority to judicially review MSPB decisions is vested exclusively in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b) (subject to certain exceptions not relevant here, "a petition to review a final order or final decision of the [MSPB] shall be filed in . . . the Federal Circuit"). Indeed, Plaintiff is currently pursuing an administrative claim before the MSPB regarding her claim of early retirement eligibility. ECF No. 1 ¶ 3.

In light of the comprehensive administrative and judicial scheme designed by Congress, this Court does not have jurisdiction to entertain claims arising under the CSRS, including the claim raised in the instant action that Plaintiff, a CSRS retiree, would have been eligible for VERA retirement (and thus an exemption from the GPO). *Sherman*, 139 Fed. Cl. at 650 (collecting cases);

---

[1] In the MSPB appeal, Defendant disputes that OPM's decision regarding Plaintiff's eligibility for retirement under VERA was a "decision affecting her interests under the CSRS." ECF No. 16 at 6. There too, it argues that Plaintiff's claim is about entitlement to social security benefits. *Id.* at 2. The Court addresses this argument in the alternative, as Defendant raised it.

*Sacco v. United States*, 63 Fed. Cl. 424, 428–29 (2004) (holding that the Court of Federal Claims does not have jurisdiction over actions seeking monetary damages stemming from claims falling within the MSPB's and the Federal Circuit's jurisdiction) (citations omitted); *cf. Adams v. Dep't of Def.*, 688 F.3d 1330, 1335 (Fed. Cir. 2012) (holding that the MSPB had jurisdiction over a challenge to a decision denying VERA retirement to a federal retiree under the Federal Employees Retirement System (commonly known as "FERS"), the retirement system intended to succeed the CSRS).

D.  **Plaintiff's Motion for Summary Judgment is Denied as Moot.**

Because the Court has determined that it must dismiss Plaintiff's claim for lack of jurisdiction, her request for summary judgment under RCFC 56 is moot.

### III.  CONCLUSION

For the reasons set forth above, this Court's limited jurisdiction does not extend to Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly.

The Court further **ORDERS** that Plaintiff's Motion for Summary Judgment (ECF No. 8) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: August 6, 2021                          */s/ Kathryn C. Davis*
                                               KATHRYN C. DAVIS
                                               Judge